**MUSICK et al. v. RATH SALES CO., Inc., et al.**

**No. 4591.**

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

█

█

█

█

Theus, Grisham, Davis & Leigh, of Monroe, for appellants.

J. B. Dawkins, of Monroe, for appellees.

TALIAFERRO, Judge.

This suit is in forma pauperis.

Charles L. Musick, son of plaintiffs, was injured while working for and in the employment of defendant Rath Sales Company, Incorporated. His right to compensation was conceded and a lump-sum settlement or compromise was agreed upon, and, after being

approved by the court, he was paid the amount due him thereunder in full satisfaction for his injuries. It developed that at that time the son was a minor, not emancipated. His parents instituted this suit to recover additional compensation for the boy's injuries and for medical expenses, and to annul the lump-sum settlement because of his minority.

The lower court found that the boy was a minor when the settlement was signed by him and annulled it, but rejected plaintiffs' demand for additional compensation and medical expenses for the reason that defendants had. paid the full amount to which the son was entitled for the injuries to him, but cast defendants for all costs of suit. Defendants appealed from this judgment.

Plaintiffs evidently have acquiesced in the judgment rejecting their money demands. It is conceded that the only controverted question presented by this appeal is as to the correctness of the trial court's judgment condemning defendants for the court costs. Defendants stoutly resist this part of the judgment, and, we think, properly so.

Article 549 of the Code of Practice states that in every case the costs shall be paid by the party cast, except where compensation is allowed or tender has been made, as provided by law.

In the present case the real, serious demand of plaintiffs was for more compensation for their son. This demand was specifically rejected by the lower court, and is not now urged here. The attack on the lump-sum settlement was merely incidental to the main demand, and the success of plaintiffs in having it annulled, after losing the suit in all other respects, was of no importance. Within the purview of article 549 of the Code of Practice, plaintiffs were cast in the suit.

The judgment of the lower court, in so far as it casts defendants for costs, is annulled and reversed; in all other respects it is affirmed.